Honorable Thomas T. Glover
Chapter 13
Hearing Date: April 28, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Marysville
**Response Date: April 21, 2010**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CHARLIE J. BERLIN aka Charles Berlin,<br><br>Debtor. | No. 09-20305-TTG<br><br>MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE |

Charlie J. Berlin ("Debtor"), by and through his counsel of record, Taryn M. Darling Hill and Resolve Legal PLLC, moves the court for an order allowing him to modify his confirmed Chapter 13 Plan to pay off the Chapter 13 Plan per the terms of the Confirmed Plan and to receive an early discharge. This motion is supported by the Declaration of Charlie Berlin filed herewith.

## I.  FACTS

1. Debtor filed this Chapter 13 case on October 2, 2009.

2. The Debtor is an under median debtor and he had no disposable income under the Means Test; as a result the amended Chapter 13 Plan filed was a 36 month zero-payment plan and provided for monthly payments of $82.00 for 36 months for total plan payments of

MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF
THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE - 1



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

$2,952.00, which included the $29.00 monthly priority claim to Snohomish County, which will satisfy completely the $1,009.45 claim filed by Snohomish County.

3. The Chapter 13 Plan payments have been paid directly by the Debtor and those payments are current as of the date of this motion.

4. The Trustee's percentage fee is 6.75%.

5. The Debtor has paid $554.00 to the Chapter 13 Trustee.

6. No disbursements have been made.

7. The Debtor has received funds by way of a tax return, which will result in Debtor's ability to satisfy the plan payments in full.

8. Debtor's payment will enable him to pay his priority debt to Snohomish County in the amount of $1,009.45 plus the 12% per annum interest rate.

9. The payment will enable him to pay the amount of fees sought by Resolve Legal, through a Fee Application was filed by Debtor's counsel in the amount $2,283.75, inclusive of costs, which was granted on March 4, 2010.

10. The Trustee's Fee on total plan payments of $3,414.33 at a rate of 6.75% would be $230.00.

11. Total payout for the plan then would total $3,644.33.

12. After deducting the balance already on hand in Trust of $554.00 – the remaining payoff to complete the plan is $4,090.33, including an allowance of $1,000.00 to Resolve Legal PLLC for bringing this motion.

MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF
THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE - 2

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

13. The calculated payoff amount may be adjusted slightly to ensure that the secured, priority and administrative payments are paid as required by the plan.

## II. ANALYSIS

"Under Section 1329, a debtor …[has] an absolute right to seek modification of a confirmed plan." In In re Sunahara, 326 B.R. 768 (9th Cir. BAP 2005). The Procedure for modification after confirmation is governed by FED. R. BANKR. P. 3015(g).

A bankruptcy court may approve a debtor's modification to his plan to complete it in fewer than 36 months without having to pay unsecured creditors claims in full, because the plain language of 11 U.S.C. § 1329(b) does not require application of the disposable income test with respect to plan modifications. Id. "In determining whether to authorize a modification that reduces a plan term to less than 36 months without full payment of allowed claims, the bankruptcy court should carefully consider whether the modification has been proposed in good faith." Id., at 781.

A good faith determination includes an assessment of a debtor's overall financial condition including, without limitation, the debtor's current disposable income, the likelihood that the debtor's disposable income will significantly increase due to increased income or decreased expenses over the remaining term of the original plan, the proximity of time between confirmation of the original plan and the filing of the modification motion, and the risk of default over the remaining term of the plan versus the certainty of immediate payment to creditors. Id., at 781-782.

MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF
THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE - 3

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

### A. THE DEBTOR'S PROPOSED MODIFICATION SHOULD BE GRANTED BECAUSE IT IS MADE IN GOOD FAITH.

Applying the factors for consideration set forth in <u>Sunahara</u>, it is apparent that the proposed modification is made in good faith.

<u>The Debtor has no current disposable monthly income, and his potential future income is not likely to result in disposable monthly income.</u>

Debtor's current monthly income is an $800-per-month contribution to his household expenses from his girlfriend. He is unemployed, and has been attending school on grants and loans, and through expenses paid by his girlfriend. Debtor and his girlfriend have a young son together, so his expenses exceed his income monthly. During his bankruptcy, his girlfriend also lost her employment and she was unable to continue contributions, requiring the household to rely upon family. When Debtor completes his schooling, he will try to secure a job in his field so that he may be able to contribute to the household, but it is very unlikely that the Debtor will obtain income sufficient to become an over-median debtor. At the time of his filing in October, Debtor's income was substantially under median and it included five months of a salary for a position he no longer has, one month of unemployment, and six months of household contribution from his girlfriend.

<u>The Certainty of Immediate Payment Weighs in Favor of Allowing Debtor to Complete His Plan Payment.</u>

Debtor has a young child, and while he is working hard to move himself into a stable work situation, there is no guarantee that he will be able to obtain and retain a job in this economy that will provide him with income sufficient to take care of his family. As evidenced by his girlfriend's loss of job, there is a risk that family contributions to Debtor's

MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF
THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE - 4

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

monthly income are similarly unstable.  Debtor has obtained a tax return that will provide him with funds sufficient with which to pay off his plan payments in full, including his priority debt and his administrative fees.  Because the economy and Debtor's financial condition are volatile, there is a great benefit in the certainty in the immediate payment of Debtor's plan payments.  As a result, the Court should grant Debtor's modification.

B. THERE IS NO APPLICABLE PLAN COMMITMENT PERIOD, SO THE DEBTOR SHOULD OBTAIN A DISCHARGE AS SOON AS IS PRACTICABLE AFTER COMPLETION OF PAYMENT.

Finally, because there is no applicable plan commitment in this case, a discharge must be granted by the court "as soon as practicable" after completion of all payments under a confirmed plan.  See, e.g., 11 U.S.C. § 1328(a).  "The 'applicable commitment period' requirement is inapplicable to a plan submitted voluntarily by a debtor with no 'projected disposable income'."  In re Kagenveama, 541 F.3d 868, 875 (9th Cir. Ariz. 2008).  "Any money other than 'projected disposable income' that the debtor proposes to pay does not have to be paid out over the applicable commitment period."  Id., at 876 (citing In re Alexander, 344 B.R. 742, 751 (Bankr. E.D.N.C. 2006)).  Reading together § 1325 (b)(4) and § 1325(b)(1)(B), the Court concluded "only 'projected disposable income' has to be paid out over the 'applicable commitment period.'  When there is no 'projected disposable income,' there is no 'applicable commitment period." Id., at 876.

Because the Debtor's plan has no applicable commitment period, as soon as the Debtor has satisfied his plan payments (36 multiplied by $82.00, a total of $2,952.00, adjusted only to cover administrative costs and priority payments as specified in the Plan), the Debtor should be entitled to a discharge as soon as is practicable.

MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF
THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE - 5

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

### III. CONCLUSION

The attached proposed modification will require Debtor to submit an amount sufficient to pay his Amended Chapter 13 Plan as confirmed. The Debtor respectfully requests that the Court enter an order authorizing the Debtor to modify his plan to allow him to pay the sum of $4,090.33, in addition to the $554.00 that remains in trust, including an allowance of $1,000.00 to Resolve Legal PLLC for bringing this motion, so that the plan may terminate as soon as is practicable after the Debtor has submitted the sum of $4,090.33, in addition to the $554.00 that remains in trust, to the Chapter 13 Trustee. The Debtor further requests that after this order is made, that the Amended Chapter 13 Plan shall be deemed completed upon the Trustee's receipt of funds of at least $4,090.33, and that as soon as is practicable, the Debtor will receive his discharge, and the case will be closed.

DATED this 30th day of March 2010.

RESOLVE LEGAL PLLC

By    /s/ Taryn M. Darling Hill
      Taryn M. Darling Hill, WSBA #38276
Attorneys for Debtor

MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF
THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE - 6

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. **09-20305** |
|---|---|
| **Charlie J Berlin** | PROPOSED MODIFIED CHAPTER 13 PLAN |
|  | ___ Original    **X** AMENDED |
| Debtor(s). | Date: **March 29, 2010** |

I. **Introduction:**
A. Debtor is eligible for a discharge under 11 USC § 1328(f) (check one):
  **X** Yes
  ___ No
B. Means Test Result. Debtor is (check one):
  **X** a below median income debtor
  ___ an above median income debtor with positive monthly disposable income
  ___ an above median income debtor with negative monthly disposable income

II. **Plan Payments:**
No later than 30 days after the filing of the plan or the order for relief, whichever date is earlier, the debtor will commence making payments to the Trustee as follows:
A.    AMOUNT: $ **Debtor will contribute funds with which to pay an additional $4,090.33, in addition to the $554 held on the Chapter 13 Trustee (in an amount that exceeds the confirmed commitment of $82.00 monthly for 36 months to pay off priority creditors in full and allowed attorney's fees), to the Chapter 13 Trustee Pursuant to An Order Approving Debtor's Motion for Order Modifying Chapter 13 Plan After Confirmation to Pay Off the Confirmed Chapter 13 Plan and Receive and Early Discharge.**

B. FREQUENCY (check one):
  **X** Monthly
  ___ Twice per month
  ___ Every two weeks
  ___ Weekly
C. TAX REFUNDS: Debtor (check one): **X** COMMITS; ___ DOES NOT COMMIT; all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment stated above. If no selection is made, tax refunds are committed.
D. PAYMENTS: Plan payments shall be deducted from the debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
E. OTHER:

III. **Plan Duration:**
The intended length of the plan is **until the Debtor has paid the amount necessary to complete his plan as there is no applicable commitment period In re Kageaveama, 541 F.3d 868, 875 (9th Cir. Ariz. 2008).** The plan's length shall not be less than the debtor's applicable commitment period as defined under 11 U.S.C. §§ 1322(d) and 1325(b)(4).

IV. **Distribution of Plan Payments:**
Upon confirmation, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, PROVIDED THAT disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:
A. ADMINISTRATIVE EXPENSES:
  1. Trustee. The percentage set pursuant to 28 USC §586(e).
  2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
  3. Attorney's Fees: Pre-confirmation attorney fees and costs shall not exceed $ **an amount deemed to be allowable fees.**
  $ **2,500.00** was paid prior to filing. To the extent pre-confirmation fees and costs exceed $3,500, an appropriate application, including a complete breakdown of time and costs, shall be filed with the Court within 21 days of confirmation.

[Local Bankruptcy Form 13-4]

Approved pre-confirmation fees shall be paid as follows (check one):
a. __X__ Prior to all creditors;
b. ___ Monthly payments of $ __;
c. ___ All remaining funds available after designated monthly payments to the following creditors: __.
d. ___ Other: __
If no selection is made, fees will be paid after monthly payments specified in Paragraphs IV. B and IV. C.

B. **CURRENT DOMESTIC SUPPORT OBLIGATION:** Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

| Creditor | Monthly amount |
|---|---|
| -NONE- | $ |

C. **SECURED CLAIMS:** Payments will be made to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than creditors holing long term obligations secured only by a security interest in real property that is the debtor's principal residence, will be paid the principal amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest on that amount from the petition filing date.

Interest rate and monthly payment in the plan control unless a creditor timely files an objection to confirmation. If a creditor timely files a proof of claim for an interest rate lower than that proposed in the plan, the claim shall be paid at the lower rate. Value of collateral stated in the proof of claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law.

**Only creditors holding allowed secured claims specified below will receive payment from the Trustee.** If the interest rate is left blank, the applicable interest rate shall be 12%. If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

1. <u>Continuing Payments on Claims Secured Only by Security Interest in Debtor's Principal Residence</u> (Interest included in payments at contract rate, if applicable):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment |
|---|---|---|---|---|
|  | -NONE- |  |  | $ |

2. <u>Continuing Payments on Claims Secured by Other Real Property</u> (Per annum interest as set forth below):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment | Interest Rate |
|---|---|---|---|---|---|
|  | -NONE- |  |  | $ |  |

3. <u>Cure Payments on Mortgage/Deed of Trust/Property Tax Arrearage</u> (If there is a property tax arrearage, also provide for postpetition property tax holding account at Section XII):

| Rank | Periodic Payment | Creditor | Property | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
|  | $ | -NONE- |  | $ | % |

4. <u>Payments on Claims Secured by Personal Property</u>:

    a.   **910 Collateral.**
The Trustee shall pay the contract balance as stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) **within 910 days** preceding the filing date of the petition or in other personal property acquired within **one year** preceding the filing date of the petition as follows. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|---|---|---|---|---|---|
|  | $ | -NONE- |  | $ | % |

    b.   **Non-910 Collateral.**
The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise ordered following timely objection to the claim, for a purchase-money security interest in personal property which is non-910 collateral. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

    D. **PRIORITY CLAIMS:** Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

| Rank | Equal Periodic Payment | Creditor | Debtor(s) Value of Collateral | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|---|---|---|---|---|---|---|
| 2 | $ To Be Paid In Full for POC= $1009.45 Plus accrued interest. | Snohomish County | $ 0.00 | Restitution payments | $ 0.00 | 12% |

    E. **NONPRIORITY UNSECURED CLAIMS:** From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

    1. Specially Classified Nonpriority Unsecured Claims. The Trustee shall pay the following claims prior to other nonpriority unsecured claims as follows:

| Rank | Creditor | Amount of Claim | Percentage to be Paid | Reason for Special Classification |
|---|---|---|---|---|
|  | -NONE- | $ | % |  |

    2. Other Nonpriority Unsecured Claims (check one):
        a.   ___ 100% paid to allowed nonpriority unsecured claims. **OR**
        b.   _X_ Debtor shall pay at least $ **0.49** to allowed nonpriority unsecured claims over the term of the plan. Debtor estimates that such creditors will receive approximately **0** % of their allowed claims.

V. **Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this section are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale.

| Creditor | Property to be Surrendered |
|---|---|
| -NONE- |  |

VI. **Executory Contracts and Leases:**
The debtor will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the debtor under Section VII, unless otherwise specified in Section XII with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed

pursuant to 11 USC § 365(d) is rejected. If rejected, the debtor shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Section IV.E.2.

| Contract/Lease | Assumed or Rejected |
|---|---|
| -NONE- | |

VII. **Payments to be made by Debtor and not by the Trustee:**
The following claims shall be paid directly by the debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party)

A. DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the debtor as follows:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|---|---|---|
| -NONE- | $ | $ |

B. OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|---|---|---|---|
| -NONE- | | $ | $ |

VIII. **Revestment of Property:**
Unless otherwise provided in Section XII, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the debtor, except that earnings and income necessary to complete the terms of the plan shall remain vested in the Trustee until discharge. The debtor shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed Plan.

IX. **Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**
The liquidation value of the estate is $ **0.00** . In order to obtain a discharge, the debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of __ % per annum from the petition filing date (no interest shall be paid if left blank).

X. **Other Plan Provisions:**
A. No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due.
B. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.
C. If a secured creditor elects to charge debtor any fee, expense or cost permitted under the contract, the creditor shall give written notice to the debtor and debtor's counsel within 30 days of the assessment.
D. Mortgage creditors shall notify the Trustee, debtor and debtor's counsel within 60 days of any change in the regular monthly payment (including the escrow account, if applicable).
E. Provision by secured creditors or their agents or attorneys of any of the notices, statements or other information provided in this section shall not be a violation of the 11 USC § 362 automatic stay or of privacy laws.

### XI. Certification:
A. The debtor certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges that timely payment of such post-petition Domestic Support Obligations is a condition of plan confirmation pursuant to 11 USC § 1325(a)(8).
B. By signing this plan, the debtor and counsel representing the debtor certify that this plan does not alter the provisions of Local Bankruptcy Form 13-4, except as provided in Section XII below. Any revisions to the form plan not set forth in Section XII shall not be effective.

### XII. Additional Case-Specific Provisions: (must be separately numbered)

**Other Plan Provisions:**

(a) Any refund to debtor(s) upon dismissal or discharge shall be disbursed through counsel.
(b) No monies shall be paid to general unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full; provided that no claim shall be paid before it is due.
(c) Secured creditors shall not assess on their books or otherwise against the debtor(s) herein any late charges provided payments from the plan to the secured creditor are current.
(d) Secured creditors are only permitted to charge against debtor(s) items permitted to be charged under the contract with debtor(s). If secured creditors elect to charge any fee, charge or cost against the debtor(s), the creditor shall give notice of the charge, fee or other cost promptly to debtor(s) and the undersigned counsel, in any case, within 30 days of the charge, fee or cost being assessed against debtor(s).
(e) Counsel shall apply for original and supplemental fees in accordance with LR 2016-1(e).

| | | | |
|---|---|---|---|
| Taryn M. Darling Hill WSBA #38276<br>Attorney for Debtor(s)<br>**March 29, 2010**<br>Date | **Charlie J Berlin**<br>DEBTOR<br><br>DEBTOR | xxx-xx-2167<br>Last 4 digits SS#<br><br>Last 4 digits SS# | March 29, 2010<br>Date<br><br>March 30, 2010<br>Date |