Judge: Thomas T. Glover
Chapter: 13
Hearing Date: April 28, 2010
Hearing Time: 9:30 a.m.
Hearing Location:
    Marysville Municipal Court
    1015 State Ave. Courtroom 1
    Marysville, WA 98270
Response Date: April 21, 2010

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

CHARLIE J BERLIN,

    Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 09-20305-TTG

OBJECTION TO MOTION TO MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE EARLY DISCHARGE

K. Michael Fitzgerald, Chapter 13 Trustee, objects to the debtor's Motion to Modify Chapter 13 Plan After Confirmation To Pay Off The Confirmed Chapter 13 Plan And Receive An Early Discharge:

The debtor filed this case on October 2, 2009. The debtor's confirmed Chapter 13 plan provides for monthly plan payments of $82.00. The debtor has paid $637.00 in plan payments, the Trustee has disbursed $554.00 and the Trustee has $83.00 on hand. The debtor is current on his plan payments. The debtor's tax refunds are committed to the plan.

"In determining whether to authorize a modification that reduces a plan term to less than 36 months without full payment of allowed claims, the bankruptcy court should carefully consider whether the modification has been proposed in good faith." <u>Sunahara v. Burchard (In re Sunahara)</u>, 326 B.R. 768, 781 (B.A.P. 9th Cir. 2005). The Trustee does not believe the proposed modification meets this standard. The motion states that debtor's income is an $800.00 per month contribution to his household and that he is unemployed. Debtor's Schedule I filed with his petition recites these exact same facts. Thus, there has been no change in debtor's income or employment status. The motion states that debtor's girlfriend lost her employment during this case, but it is unclear whether she is employed at this time. The debtor's plan

Objection to Motion to Modify Chapter 13
Plan - 1

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

payment is a mere $82.00 per month. The debtor has not provided a sufficient basis to explain why he is unable to pay this amount for the duration of his plan.

In determining whether an early discharge motion is filed in good faith, a court should consider the debtor's overall financial condition including the debtor's current disposable income, the likelihood that the debtor's income will significantly increase, the proximity of time between confirmation and filing of the modification motion, and the risk of default over the term of the plan versus the certainty of immediate payment to creditors. Id. at 781-82. The debtor's plan was confirmed a mere three months ago and the debtor's financial situation appears to be the same (or very similar) as it was at the petition date. Moreover, the debtor is obligated to pay his tax refunds into the plan, so offering to pay the refunds in conjunction with this motion does not additionally benefit creditors in any way. The debtor has not established that is unable to pay $82.00 per month for the remaining applicable commitment period.

Contrary to what is stated in the motion, the debtor does have a 36 month applicable commitment period. The motion cites the Ninth Circuit for the proposition that the applicable commitment period requirement is inapplicable to a plan submitted voluntarily by a debtor with no projected disposable income. See In re Kagenveama, 541 F.3d 868 (9th Cir. 2008). That is a misreading of Kagenveama, which was an interpretation of 11 U.S.C. § 1325(b) as applicable to an above median debtor with negative current monthly income. This debtor's income is below the state median, so his applicable commitment period is 36 months. 11 U.S.C. § 1325(b)(4).

The motion states that "there is no guarantee that [debtor] will be able to obtain and retain a job in this economy that will provide him with income sufficient to take care of his family." This may be true, but the debtor has simply not established a basis for an early discharge under the Sunahara criteria. There is no reason the debtor cannot continue to pay $82.00 per month for the duration of the 36 month applicable commitment period. If a motion to modify the plan is warranted at some point in the future, the Debtor or the Trustee may make such a motion.

///

///

///

Objection to Motion to Modify Chapter 13 Plan - 2

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

The Trustee reserves the right to assert additional bases for his Objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court enter an Order denying debtor's Motion to Modify Chapter 13 Plan After Confirmation To Pay Off The Confirmed Chapter 13 Plan And Receive An Early Discharge.

Dated this 21st day of April, 2010

        */s/ Jason Wilson-Aguilar*, WSBA #33582 for
        K. MICHAEL FITZGERALD
        Chapter 13 Trustee