Honorable Thomas T. Glover
Chapter 13
UNDERLYING MOTION HEARD BY JUDGE OVERSTREET
ON APRIL 28, 2010 IN MARYSVILLE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>CHARLIE J. BERLIN aka Charles Berlin,<br><br>Debtor. | No. 09-20305-TTG<br><br>MOTION FOR RECONSIDERATION ON DEBTOR'S MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE |

Charlie J. Berlin ("Debtor" or "Mr. Berlin"), by and through his counsel of record, Taryn M. Darling Hill and Resolve Legal PLLC, moves the Court, pursuant to 11 U.S.C. § 105(a), 11 U.S.C. § 502(j) and Bankruptcy Rules of Federal Procedure 3008 and 9024, to reconsider its Order, entered on May 3, 2010, denying the Debtor's motion to allow him to modify his confirmed Chapter 13 Plan, to make the plan payments in one lump-sum payment, and to receive an early discharge.

## I. BACKGROUND

Charlie J. Berlin is a young man, who has fought and won a battle against addiction that could have destroyed his own life and those of his loved ones. Instead, despite the odds,



RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY
720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Mr. Berlin participated faithfully in Drug Court and committed himself to cleaning up for the good of himself and his family. Not only was he successful in his commitment, but he also managed to enter into a technical school and complete his education, all while sharing the joys of raising his two year old son. Having taken the necessary and difficult measures to address his personal matters, Mr. Berlin filed a Chapter 13 Bankruptcy so he would be able to obtain a fresh start financially as well as to enable him to focus his future on the sole task of taking care of his loved ones.

Mr. Berlin has virtually no assets, excepting only minimal clothing and furniture. His annualized income was $37,057.92, substantially below median for his household. Although he qualified for a Chapter 7 Bankruptcy, Mr. Berlin sought to discharge numerous parking tickets he amassed while struggling with his addiction. As a result, Mr. Berlin filed a Chapter 13 Bankruptcy.

## II. BRIEF FACTUAL SUMMARY

Mr. Berlin filed his Chapter 13 Bankruptcy on October 2, 2009. When he filed his bankruptcy, he had worked for four of the six months utilized to compute his annualized income, which was $37,057.92, more than $20,000.00 below median. Mr. Berlin's Chapter 13 Plan, which was confirmed on January 22, 2010, provided for a monthly plan payment of $82.00 per month, and a plan commitment period of 36 months. The plan also contained the default provision of the local form plan indicating that the Debtor would contribute tax refunds to the funding of his plan. Mr. Berlin made timely payments of $82.00 per month as required under the plan. In April of 2010, when Mr. Berlin obtained a tax

MOTION FOR RECONSIDERATION ON DEBTOR'S MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE - 2

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

refund for taxes he had prepaid during the year in an amount sufficient to satisfy the $82.00 plan payment over the 36 month term, he sought modification of his plan to make a one-time payment on his obligation and complete his Chapter 13 plan. On May 3, 2010, the Court issued an order denying the Debtor's motion to modify the plan to pay off the confirmed plan and obtain an early discharge. Mr. Berlin has since amended his exemptions to make clear that the tax refund should not be available to fund the plan.

### III.    ARGUMENT

*The Requirement That Mr. Berlin is Prohibited From Plan Completion in Less Than 36 Months Abridges His Substantive Rights.*

The Court should reconsider its Order denying modification. Mr. Berlin requests that he be permitted to pay the sum of the payments required under the remaining commitment period of 29 months, multiplied by $82.00, or $2,378.00. In addition, Mr. Berlin has proposed to pay enough to insure that administrative costs are satisfied. In Sunahara, the Court expressly held that the "bankruptcy court may approve a debtor's modification to his plan so as to complete it in fewer than 36 months without having to pay unsecured claims in full." In re Sunahara, *326 B.R. 768, 782 (9th Cir. BAP 2005).*

More recently, in a case dealing with confirmation of a plan and not modification, the Ninth Circuit has supported the view that a plan that has no projected disposable income can be paid in something less than 36 months. The Court there stated: "[t]he 'applicable commitment period' requirement is inapplicable to a plan submitted voluntarily by a debtor with no 'projected disposable income'." In re Kagenveama, 541 F.3d 868, 875 (9th Cir. Ariz. 2008). "Any money other than 'projected disposable income' that the debtor proposes

MOTION FOR RECONSIDERATION ON DEBTOR'S MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE - 3

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

to pay does not have to be paid out over the applicable commitment period." Id., at 876 (citing In re Alexander, 344 B.R. 742, 751 (Bankr. E.D.N.C. 2006) for its rationale). Reading together § 1325 (b)(4) and § 1325(b)(1)(B), the Court concluded "only 'projected disposable income' has to be paid out over the 'applicable commitment period.' When there is no 'projected disposable income,' there is no 'applicable commitment period." Id., at 876. "These provisions establish a maximum plan length, but they do not require a minimum commitment period. Accordingly, a debtor with no projected disposable income is free to meet the other confirmation requirements…in whatever period of time he may feasibly do so. Obviously, secured and priority creditors entitled to payment in full under the plan would rather be paid sooner than later, and there is no reason to extend plans artificially if there is no requirement of a dividend to be paid to unsecured creditors over time." In re Alexander, 344 B.R. 742, 751 (Bankr. E.D.N.C. 2006).

Here, because there is no applicable commitment period for a below median debtor with no projected disposable income, the Court should not require Mr. Berlin to stay in the plan for 36 months.

*A Requirement That Mr. Berlin Contributes His Tax Refunds, When He Already Has Negative Income as A Result of His Regular Plan Payments Has the Effect of Abridging His Substantive Rights.*

The form plan utilized here also has a problematic default provision that operates to require Mr. Berlin to pay future earned tax refunds in addition to his plan payments; a provision that requires that the Debtor pays more than he is otherwise obligated to pay to unsecured creditors. This provision adversely affects Mr. Berlin's substantive rights under

MOTION FOR RECONSIDERATION ON DEBTOR'S MODIFY CHAPTER 13 PLAN
AFTER CONFIRMATION TO PAY OFF THE CONFIRMED CHAPTER 13 PLAN AND
RECEIVE AN EARLY DISCHARGE - 4

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

the Code and its effect is punitive in nature. If the Court will not permit modification to pay the remaining sum and grant an early discharge, the Court should at least allow Mr. Berlin to modify his plan to keep his tax refund.[1] Mr. Berlin's motion for modification sought to remedy the unforeseen effects on his substantive rights under the Code that form plan provisions adopted by Local Rule created in his particular case.

Although bankruptcy courts have been delegated authority to adopt local rules prescribing the conduct of business, a form plan cannot impermissibly abridge substantive rights by mandating use of a model plan which includes Chapter 13 requirements not found in the Code. In re Sunahara, 326 B.R. 768, 782(9th Cir. BAP 2005). A local rule may dictate practice or procedure but may not enlarge, abridge, or modify any substantive right. Id., (internal citations and quotations omitted); see also, In re Bresher Inv., 95 B.R. 126, 129 (9th Cir. BAP 1988).

In Mr. Berlin's case, the effect of the default provisions of the model plan requiring a plan minimum of 36 months and the default provision of tax refund commitment in addition would abridge Mr. Berlin's rights under the Code. The local form plan, which has prevented Mr. Berlin from concluding a plan in less than 36 months, has the effect of "prohibiting Debtor from doing what he is entitled to do under the Code [and] is inconsistent with an Act of Congress and is, therefore, invalid under Rule 9029(a)." In re Sunahara, *326 B.R. 768, 783 (9th Cir. BAP 2005)*.

---

[1] At the time of filing, Mr. Berlin was unaware of the sizable tax refund he would receive, and has now amended his exemptions to clarify that the refund should not be available to fund the plan.

MOTION FOR RECONSIDERATION ON DEBTOR'S MODIFY CHAPTER 13 PLAN
AFTER CONFIRMATION TO PAY OFF THE CONFIRMED CHAPTER 13 PLAN AND
RECEIVE AN EARLY DISCHARGE - 5

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

The requirement that a Chapter 13 debtor was "best efforts" to pay creditors is satisfied if the debtor commits all projected disposable income to the plan. A Chapter 13 Trustee should not be allowed to require the debtor to agree to pay more than his projected disposable income in the event it exceeds the amount projected at the time of confirmation. In re Anderson, 21 F.3d 355 (9th Cir. 1994). In Anderson, a pre-BAPCPA case, the trustee argued against confirming a plan where the projected disposable number did not assure that the debtors would pay all actual disposable income during the life of the plan. Holding that the "argument has a fatal flaw," the Court concluded that "§ 1325(b)(1)(B) does not require debtors to give such an assurance. Instead, § 1325(b)(1)(B) requires provision for 'payment of all projected disposable income' as calculated at the time of confirmation, and we reject the Trustee's attempt to impose a different, more burdensome requirement on the debtors' plan …." In re Anderson, 21 F.3d 355, 358 (9th Cir. 1994).

The Code does not require a below median debtor with no projected disposable income to contribute his tax refund, particularly where the refund is fully exemptible. By using those funds to make a lump sum payment of the remaining amounts due under the confirmed plan, Mr. Berlin would satisfy the requirements of the Code and should be granted an early discharge.

*The Debtor's Proposal to Modify His Plan is Made in Good Faith.*

The Debtor has no projected disposable monthly income under the Code and no actual current disposable monthly income. To the contrary, he is in the negative while funding his plan, and his potential future income is not likely to exceed median income. Based upon his

MOTION FOR RECONSIDERATION ON DEBTOR'S MODIFY CHAPTER 13 PLAN
AFTER CONFIRMATION TO PAY OFF THE CONFIRMED CHAPTER 13 PLAN AND
RECEIVE AN EARLY DISCHARGE - 6

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

previous earning capacity and his education, when Mr. Berlin is able to obtain work, it is unlikely that he will earn income sufficient to become an over-median debtor. A review of the Schedules I and J reflecting Mr. Berlin's monthly expenses offset by his income show that his expenses exceed his income by nearly $200.00. Despite a loss of $200.00 monthly, Mr. Berlin has managed to pay his plan payment of $82.00 a month, forcing him to operate at a net loss of nearly $300.00 per month for the benefit of availing himself of a Chapter 13 bankruptcy.

At the time of his filing in October, Debtor's income was substantially under median and the six month analysis included five months of a salary for a position he no longer has, one month of unemployment, and six months of household contribution from his girlfriend.

Moreover, as a below median debtor, Mr. Berlin's annualized income of $37,057.92 is a gross wage number that actually included his federal income taxes. Thus, if the Trustee were to prevail and collect Mr. Berlin's refund, he would be taking money that could be seen to further reduce the calculated annualized income. Requiring that those funds be contributed is essentially double counting his income.

Because Mr. Berlin's tax refund will provide him with funds sufficient with which to pay off his plan payments in full, including his priority debt and his administrative fees, his motion to modify presents an equitable and immediate benefit to Creditors. Because the economy and Debtor's financial condition are volatile, there is a great benefit in the certainty in the immediate payment of Debtor's plan payments.

MOTION FOR RECONSIDERATION ON DEBTOR'S MODIFY CHAPTER 13 PLAN AFTER CONFIRMATION TO PAY OFF THE CONFIRMED CHAPTER 13 PLAN AND RECEIVE AN EARLY DISCHARGE - 7

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

## IV. CONCLUSION

Because his modification meets the good faith considerations in <u>Sunahara</u>, and because it would ensure that Mr. Berlin's substantive rights were not impermissibly modified by the default form plan provisions, Mr. Berlin seeks the Court's reconsideration of its ruling to deny his modification.

DATED this 14th day of May 2010.

                                            RESOLVE LEGAL PLLC

                                            By    */s/ Taryn M. Darling Hill*
                                                    Taryn M. Darling Hill, WSBA #38276
                                            Attorneys for Debtor

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com