Honorable Thomas T. Glover
Chapter 13
Hearing Date:  June 23, 2010
Hearing Time:  9:30 a.m.
Hearing Location:  Marysville
Response Date:  June 16, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re | No.  09-20305-TTG |
| CHARLIE J. BERLIN aka Charles Berlin, | DEBTOR'S RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO EXEMPTIONS |
| Debtor. | |

Charlie J. Berlin ("Debtor"), by and through his counsel of record, Taryn M. Darling Hill and Resolve Legal PLLC, amended his exemptions on May 14, 2010, [1]  to utilize the ample unused exemptions to protect the only substantial asset Mr. Berlin has -- an after-acquired 2009 property tax refund -- as an exempted property interest.

The Trustee raises concern regarding the Debtor's amended exemption for its intended effect to protect a post-petition asset (the tax refund) currently designated for application in Debtor's confirmed Chapter 13 Plan.  The Debtor further responds as follows:

---

[1] On May 18, 2010, by filing corrected amended schedules debtor corrected clerical mistakes made in the amended exemptions filed on May 14, 2010.  The Trustee's initial objection to these exemptions addressed the remedied errors.

ℛℬ  R E S O L V E  L E G A L  PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

*Debtor May Amend His Schedules as a Matter of Right, Including His Exemptions, Before the Case is Closed.*

Debtor may amend his schedules, including his exemptions, as a matter of right before the case is closed.  FED. R. BANKR. P. 1009; <u>Goswami v. MTC Distrib. (In re Goswami)</u>, 304 B.R. 386, 393 (B.A.P. 9th Cir. 2003).  An amendment is particularly warranted where property that was acquired after the petition is filed becomes property of the estate.  <u>See e.g.,</u> <u>In re Notargiacomo</u>, 253 B.R. 112 (Bankr. S.D. Fla. 2000) (permitting debtor to amend schedules to exempt after-acquired inheritance).

Establishing the debtor's right to amend his schedules, even in the face of an order requiring that the debtor turn over a tax refund to the trustee, the court, in <u>In re Ardrey</u>, 316 B.R. 531 (B.A.P. 8th Cir. 2004), held that a debtor was not precluded from amending his exemptions to protect the tax refund.  In <u>Ardrey,</u> the court also considered and rejected any claim of prejudice that the amendment would deprive creditors of assets that would otherwise be available for distribution on allowed claims, concluding "[t]hat is always true of exemptions, original or amended…."  <u>Id.</u>, (citing <u>In re Arnold</u>, 252 B.R. at 785, for the proposition that merely showing prejudice is not enough, but the court must balance the prejudice to the debtor of disallowing the exemption against the prejudice to third parties in allowing the exemption).

The amendment is warranted in the case at hand, because neither the Debtor nor the Chapter 13 Trustee, were aware of the after-acquired value of the tax return when the Debtor filed his case in October 2009.  Soon after he received his tax return in April, Debtor moved,

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

as of right, to exempt this after-acquired property. Because the amount and any potential value were unknown at time of filing and because the tax refund is the only substantial asset available to the Debtor, he should be permitted to exempt it.

*Debtor Has Sought Modification of His Plan and Is Currently Seeking Reconsideration of the Court's Denial to Modify.*

Debtor has sought modification by way of motion of his Chapter 13 Plan. Under § 1329, a debtor has an "absolute right" to seek modification of a confirmed plan. In re Sunahara, 326 B.R. 768, 782 (9th Cir. BAP 2005). Although Debtor's motion was denied by Court order on May 3, 2010, Debtor filed a Motion for Reconsideration on May 14, 2010, which is still pending. If the Court grants Debtor's reconsideration motion, the Plan's language committing the tax refund may be amended to exclude the commitment of the tax refunds and the Trustee's concerns alleviated. The reconsideration motion addresses the basis for Debtor's proposed modification. By way of summary, the Debtor has moved to amend the confirmed plan incorporating the local plan's default language on duration and tax refund commitment. A copy of the Motion for Reconsideration is attached as Exhibit A.

 For the foregoing reason, Debtor requests that the Court deny the Trustee's objection to Debtor's amended exemptions.

DATED this 4th day of June 2010.

RESOLVE LEGAL PLLC


By_____*/s/Taryn M. Darling Hill_*
            Taryn M. Darling Hill, WSBA #38276
Attorneys for Debtor

ℬℬ **RESOLVE** LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 4, 2010, I caused a copy of the foregoing to be served via CM/ECF on the following parties:

K Michael Fitzgerald  courtmail@seattlech13.com

United States Trustee  USTPRegion18.SE.ECF@usdoj.gov

DATED this 4th day of June 2010, at Seattle, Washington.


_____
*/s/ Nancy Hunter*
Nancy Hunter, CBA

**R E S O L V E** LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com