KAREN A. OVERSTREET
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Rm. 6301
Seattle, WA 98101-1271
(206) 370-5330

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

Charlie J. Berlin

Chapter 13

Bankruptcy No. 09-20305

ORDER DENYING MOTION
FOR RECONSIDERATION

This matter came before the court on Debtor's "Motion for Reconsideration on Debtor's [Motion to] Modify Chapter 13 Plan After Confirmation to Pay Off the Confirmed Chapter 13 Plan and Receive an Early Discharge". Debtor asks this court to reconsider its Order Denying Debtor's Motion to Modify entered on May 3, 2010. Debtor contends that the court erred in its application of the Ninth Circuit Bankruptcy Appellate Panel's decision in *In re Sunahara*, 326 BR 768 (B.A.P. 9th Cir. 2005), to the facts of this case. Specifically, debtor argues that the Bankruptcy Code imposes no mandatory commitment period for a below median income debtor, thus a debtor may "pay off" his plan at whatever time he can feasibly do so. Further, debtor argues that this district's form Chapter 13 plan (LBR Form 13-3, amended to LBR Form 13-4 on December 1, 2009) abridges debtor's substantive rights under the Bankruptcy Code. Finally, debtor argues that debtor's proposed Plan modification meets *Sunahara*'s good faith requirement. Debtor contends that

ORDER - 1 of 7

proper application of the BAP's ruling in *Sunahara* to the facts of this case requires granting debtor's Motion to Modify Chapter 13 Plan After Confirmation to Pay Off the Confirmed Chapter 13 Plan and Receive an Early Discharge ("Motion to Modify").

STANDARDS FOR RECONSIDERATION

Motions for reconsideration are disfavored in this district. The local federal district court rules direct that a court should:

> ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Civil Rule 7(h)(1), Local Rules W.D. Wash. The bankruptcy court does not have an inherent ability to reconsider or reform its prior orders. *In re Mulvania,* 214 B.R. 1 (B.A.P. 9th Cir. 1997).

Plaintiff brings this motion under Federal Rule of Civil Procedure 59(e). A motion under Rule 59(e)

> should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law .

*Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001)(citing *McDowell v. Calderon*, 197 F.2d 1253, 1255 (9th Cir. 1999)(*en banc*)(quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Fed. R. Civ. P. 60(b).

FACTS

Debtor filed this case and his original Chapter 13 Plan on October 2, 2009. On December 2, 2009, debtor filed his Amended Chapter 13 Plan dated November 19, 2009 ("the Plan"). The Plan calls for periodic payments of $82 per month. In addition, Paragraph 1(B) of the Plan states:

> Debtor(s) __X__ COMMITS; ___ DOES NOT COMMIT; all
> tax refunds to funding the Plan. Committed refunds
> shall be paid in addition to the plan payment stated
> above. If no selection is made, tax refunds are
> committed.

Debtor marked an "X" on the line prior to "COMMITS", thereby indicating that he proposed to commit future tax refunds to the Plan.

The Plan specifies that it will run for a period of 36 months. Debtor's Plan was confirmed January 22, 2010. Debtor's Motion to Modify was filed March 30, 2010.

STANDARDS FOR MODIFICATION

The BAP's decision in *Sunahara* states that the minimum payment provisions of 11 U.S.C. § 1325(b) do not apply when considering plan modification under 11 U.S.C. § 1329. *In re Sunahara*, *supra*, at 781. Debtor argues that *Sunahara* stands for the proposition that when a debtor has no projected disposable income, a debtor who requests modification cannot be required to "stay in" a plan for the 36 month commitment period. The *Sunahara* decision is not that broad. Although a large portion of the BAP's decision analyzes applicable commitment period under Section 1325(b), the *Sunahara* court specifically recognized that plan modification under Section 1329 requires examination of the proposed modification under sections 1322(a), 1322(b) and 1323(c) and 1325(a). *Id.* at 782. Analyzing a proposed modification requires consideration of the debtor's overall financial condition, including the following non-exclusive factors:

1. Debtor's current disposable income;

ORDER - 3 of 7

       2.    The likelihood that debtor's disposable income will significantly increase due to increased income or decreased expenses over the remaining term of the original plan;

       3.    The proximity of time between confirmation of the original plan and the filing of the modification motion; and

       4.    The risk of default over the remaining plan term versus the certainty of immediate payment to creditors.

*Id.* at 781-82.

    The factors present in this case suggest that the Debtor's Motion to Modify was properly denied. Debtor's Motion to Modify was filed only 67 days after confirmation of the Plan. In support of his Motion to Modify, debtor said was in trade school and was therefore unable to work. However, according to the schedules, debtor was unemployed and in school at the time the case was filed, so unemployment was not a change in circumstances. Debtor's declaration in support of the Motion to Modify did not say how long debtor was going to be in school nor did it discuss what debtor's prospects for employment might be when he completed his schooling. At the hearing on the Motion to Modify counsel indicated that debtor had in fact completed trade school. There is no evidence of a change in financial circumstances or a change in disposable income between the date the Plan was confirmed and the date the Motion to Modify was filed. Nothing in the record indicates that debtor's overall financial situation deteriorated after the Plan was

confirmed. In fact, it appears that debtor's overall financial condition may be improving.

The confirmed Plan calls for payments of $82 per month, and specifically commits payment of debtor's future tax refunds into the Plan for the plan term. In the Motion to Modify, debtor suggests using his 2009 tax refund to "pay off" the Plan. Since the debtor *already committed* future tax refunds to the Plan, using a tax refund to make a lump sum payment will not "pay off" the Plan. Upon completion of the confirmed Plan, debtor will receive a discharge of over $75,000 in general unsecured debt. Debtor has not demonstrated any significant change in financial circumstances since the date his Plan was confirmed which would warrant modification pursuant to 11 U.S.C. § 1329.

FORM PLAN PROVISION'S IMPACT ON SUBSTANTIVE RIGHTS

Debtor argues that this district's form Chapter 13 plan (LBR Form 13-3, amended to LBR Form 13-4 on December 1, 2009) abridges debtor's substantive rights under the Bankruptcy Code. Debtor argues that Paragraph 1(B) of the form Chapter 13 plan, which includes the language "[i]f no selection is made, tax refunds are committed" imposes a requirement to pay funds into the plan which is not found in the Code. Debtor contends that requiring all debtors to pay future tax refunds into a plan has the effect of preventing a debtor from paying off his plan early. Debtor contends that this result is contrary to the Bankruptcy Code and the BAP's ruling in *Sunahara*, and therefore that the form Chapter 13 plan used in this district is invalid under Federal Rule of Bankruptcy Procedure 9029(a).

Debtor's arguments are without merit. In this case, debtor specifically marked "COMMITS" on his plan form, indicating his election to commit future tax refunds to the payment of creditors under the terms of his Plan. Therefore, in this case the default provisions of the district's form plan were not operative. Debtor chose to pay his future tax refunds to creditors when he sought confirmation of the Plan.

However, even if debtor had not checked the box specifically committing his future tax refunds to the Plan, this district's form Chapter 13 plan does not impose any obligation contrary to the Bankruptcy Code. In proposing Chapter 13 plans, debtors in this district are free to decide whether or not to commit their future tax refunds to the plan. The district's form plan does not *require* that refunds are committed to a plan; it simply clarifies that by failing to make an affirmative selection of either "commits" or "does not commit" on the form plan, debtors are opting by default to commit their future tax refunds to their plan. Contrary to debtor's assertion, Paragraph 1(B) of the form Chapter 13 plan does not require payment of tax refunds into the plan, so it does not abridge any substantive rights granted by the Bankruptcy Code.

CONCLUSION

Charles Berlin filed his petition for relief under Chapter 13 October 2, 2009. He proposed a Plan calling for payments of $82.00 per month, and specifically chose to commit his future tax refunds to the Plan. That Plan was confirmed January 22, 2010. Only 67 days after the Plan was confirmed, debtor filed his Motion to Modify. Debtor proposed to use one of his tax refunds – which was already committed to creditors under the terms of his confirmed Plan

– to "pay off" the modified plan.  Because debtor failed demonstrate any significant change in financial circumstances after the date his Plan was confirmed which would warrant modification pursuant to 11 U.S.C. § 1329, the court denied debtor's Motion to Modify.  On reconsideration, debtor has not demonstrated manifest error in the court's prior ruling or made a showing of new facts or legal authority which could not have been brought to the court's attention earlier.

NOW, THEREFORE, for the foregoing reasons, the Debtor's Motion for Reconsideration on Debtor's [Motion to] Modify Chapter 13 Plan After Confirmation to Pay Off the Confirmed Chapter 13 Plan and Receive an Early Discharge is DENIED.

**** END OF ORDER ****

*Karen A. Overstreet*
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)